## ANKENBRANT v TOLEDO (city)

Ohio Appeals, 6th Dist, Lucas Co

No 2704. Decided Jan 16, 1933

George W. Ritter, Toledo, and Manuel Zimmerman, Toledo, for plaintiff in error.

J. I. O'Connor, Director of Law, Toledo, and Gerald P. Openlander, Toledo, for defendant in error.

LLOYD, J.

The only claim made in the trial court or in this court is that since §3714, GC imposes upon a municipality the duty to keep its streets "open, in repair and free from nuisance," the trial court should have permitted the jury to determine from the facts and circumstances in evidence whether or not the maintenance of the safety zone by the city constituted a nuisance. To the bill of exceptions is attached a plan or map which, by stipulation, was admitted in evidence, which shows the nature and character of the safety zone established and maintained by the municipality, its purpose and manner of construction. It shows a series of 8 cast iron posts, 5½ inches in diameter and 3 feet and 9 inches in height above the pavement and solidly embedded therein, parallel with and approximately

5 feet and 6 inches from the outside rail of the southwesterly street car track and a fraction more than 14 feet from the southwesterly curb of the paved portion of Cherry Street. At the northeasterly end of this series of posts are two others, 2 feet apart, enclosing the end of the established safety zone, immediately behind which is a light tower on a 3-foot-square concrete base. At the top of this light tower, which is 9 feet in height, is an "amber flasher facing the flow of traffic" and 4 feet from the top thereof are two red lights, one on either side of the northeasterly side of the tower toward approaching traffic. Describing this light tower, we find printed on this exhibit, "front elevation of light tower located at N. W. end of safety zone with lights burning 24 hours of the day."

In City of Cleveland v Gustafson, 124 Oh St, 607, it is said at page 612: "It certainly is not an abuse of power for council to reasonably obstruct the highway, if it is necessary so to do to make it safe." In other words, the maintenance of a safety zone is a valid exercise of the police power of the municipality.

There is no evidence in the record in the instant case even tending to show that the safety zone in question is defective in construction or so placed as unreasonably to interfere with motorists proceeding southeasterly on Cherry Street, there being a full 14 feet of passageway between the guard posts of the safety zone and the curb of the street,—a width sufficient for a least two automobiles to proceed safely therealong, side by side. Nor is there any evidence to show that it was not properly lighted, the affirmative evidence, as shown by the exhibit attached to the bill of exceptions, being that there were adequate warning lights. Such a safety zone, not being per se a nuisance nor an unlawful obstruction, the burden is on the plaintiff to show that the facts and circumstances in the particular case make it so, in order to create a liability resulting from its erection and maintenance. The mere fact that a motorist, by his selfish and wilfull, perhaps criminal misconduct, caused the automobile in which plaintiff in error was riding to collide with one of the guard posts of the safety zone, resulting in injury to her, would not be evidence that the establishment and maintenance of the safety zone by the City of Toledo constituted a nuisance.

The judgment of the Court of Common Pleas is affirmed.

RICHARDS and WILLIAMS, JJ, concur.